## 11688.   KAUFMAN METAL COMPANY v. ATLANTIC REFINING COMPANY.

Inspection and acceptance of a concrete mixer by an employee of a company which had ordered a " one-yard" concrete mixer did not bind the company where the mixer so inspected was not a one-yard mixer but was merely a half-yard or three-quarters-yard mixer, and where the employee had no authority to accept the machine but his authority was limited to inspection and he had been sent to inspect as to its mechanical condition only, and did not attempt or know how to determine its capacity.

The court did not err in directing a verdict in favor of the defendant.

DECIDED DECEMBER 17, 1920.

Complaint; from city court of Brunswick — Judge Butts. May 6, 1920.

*Isaac & Isaac,* for plaintiff.

*Bennel, Twitty & Reese,* for defendant.

BROYLES, C. J.   The Atlantic Refining Company of Brunswick, Georgia, gave to the H. C. Weller Company of Jacksonville, Florida, an order for a one-yard No. 61 Ransome mixer (concrete mixer). The refining company, on the request of the Weller Company, sent A. J. Wright, one of its employees, to Jacksonville to inspect the mixer, which he did, and after the inspection he wrote across the order the following words: " Above inspected and accepted for Atlantic Refining Company, A. J. Wright, traffic manager. " The machine was subsequently shipped by the Kaufman Metal Company of Jacksonville to the refining company, which refused to accept it, and the Kaufman company brought suit against the refining company for the agreed purchase-price of the machine.

Upon the trial of the case the undisputed evidence showed that the machine inspected by Wright and shipped to the refining company was not a one-yard mixer as ordered, but that it was either a half-yard or a three-quarters-yard mixer, and that the refining company wanted to buy a one-yard mixer only. There was also undisputed evidence that Wright, the employee of the refining company, had no authority to accept the machine for his company, but that his authority was limited to an inspection thereof, and further that he was sent to inspect the mechanical condition only of the machine, and that, replying upon the order which

called for a one-yard mixer, he inspected the machine only as to its mechanical condition and did not attempt to ascertain its capacity, and furthermore that he did not have the technical knowledge necessary to determine such capacity.

Under these circumstances we think the refining company was legally justified in refusing to accept the machine sent it, and that the court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*